IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0512-09






JULIAN KUCIEMBA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


WASHINGTON COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 The issue before the Court is whether the State must present direct evidence of a
temporal link between driving and intoxication when a defendant is charged with driving
while intoxicated. The majority concludes that the circumstantial evidence offered in this
case was sufficient to support Appellant's conviction. I respectfully dissent. 

 I agree with the court of appeals that there is "neither direct nor circumstantial
evidence to establish the necessary temporal link" between Appellant's driving and his
intoxication. Kuciemba v. State, No. 14-08-00050-CR, 2009 Tex. App. LEXIS 1728
(Tex. App.-Houston [14th Dist.] March 10, 2009, pet. granted) (mem. op., not designated
for publication).

 Viewing the evidence in the light most favorable to the State, we consider whether
any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). 
The following is the only evidence cited by the majority as being legally sufficient to
support Appellant's conviction for driving while intoxicated:

 1. Appellant's intoxication at the scene of a traffic accident in which he
was a driver.

 2. The accident was a one-car collision with an inanimate object.

 3. Appellant's failure to brake.

 4. Appellant's presence behind the steering wheel, with bleeding
lacerations, when the deputy arrived on the scene.

 5. Appellant's high blood-alcohol level from a sample taken at the
scene of the accident.


What this evidence demonstrates is that Appellant did not operate his car in a safe manner
just prior to the accident and that he was intoxicated at the accident scene. But, as
correctly noted by the court of appeals, these facts do not establish directly or
circumstantially that Appellant was intoxicated at the time that he was driving. The State
did not offer evidence relating to the time of the collision or how much time elapsed
between the accident and the arrival of police. (1) Nor did the State offer details pertaining
to what or when Appellant drank. 

 After viewing the evidence in the light most favorable to the prosecution, I do not
see how any rational trier of fact could have found the essential elements of driving while
intoxicated beyond a reasonable doubt. The evidence presented in this case is legally
insufficient to show that Appellant was "intoxicated while operating a motor vehicle in a
public place." Tex. Penal Code Ann. § 49.04. Therefore, I would affirm the judgment
of the court of appeals.


 Meyers, J.


Filed: May 26, 2010


Publish 




 
1. Had the responding officer testified, for example, that the engine was warm or that it was
still running, the jury could have extrapolated that Appellant was in fact intoxicated while he was
driving.